UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-CV-045-KKC

RICHARD ALLAN MALONE                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOHN REES, ET AL.                                                      DEFENDANTS

Richard Allan Malone, an individual presently confined at Dismas Charities in Louisville, Kentucky, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

CLAIMS

The plaintiff claims that while he was incarcerated in the Frankfort Career Development Center ("FCDC") in Frankfort, Kentucky, the defendants confiscated certain personal property items of his and have refused to return them, (1) in violation of his constitutional rights, including the rights to procedural due process and equal protection of the law; and (2) Kentucky's Department of Corrections Policies and Procedures.

## DEFENDANTS

As defendants the plaintiff names (2) the Commissioner of Corrections John Rees; and certain FCDC staff: (2) Warden Cookie Crews; (3) Correctional Officer Larry W. Gray; and (4) Grievance Coordinator Earl Westerfield.

## RELIEF REQUESTED

The plaintiff seeks (1) injunctive relief in the form of having his personal property returned to him; (2) damages reflecting reimbursement for items which have been destroyed and cannot be recovered; and (3) damages for his mental suffering, humiliation, and stress.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations contained in the plaintiff's complaint, including additional attached pages and documentary exhibits.  Record No. 1.

On October 4, 2004, a man named Perry Semones picked up his van after its repair at the FCDC and noticed that some items were missing from the van; he listed a gold ring with diamonds; a gold bracelet with thick, heavy links; a 16-18 inch gold necklace with oval links; and some change, dimes, nickels, and quarters.  The garage supervisor stated that finding a thief among the 205 inmates and 19 employees of the garage would be difficult and he had seen no one wearing the missing jewelry.

On October 14, 2004, Defendant Lt. Gray approached the plaintiff, directed that he take his jewelry off because it matched the description of the stolen jewelry, confiscated his shoes and told him to wait in a chair while he searched the plaintiff's living area further.  The plaintiff protested that he had entered the institution with these items and he had signed two personal property forms listing these items as his property.  Copies of both of these forms, one dated April 5th and the other July 13th

2

of 2004, are attached to the instant complaint.  Despite his vigorous denial, the plaintiff was charged with obtaining money, goods, privileges, or services under false pretenses.  An attached copy of the disciplinary report shows that a hearing was had on the charges on November 14, 2004. At the end of the hearing, the presiding officer, a Lt. Stevens, purportedly found that the plaintiff was not guilty of the offense and stated as follows:

> . . .[T]he property confiscated from you on October 13, 2004, did not belong to Perry Semones and based on several due process violations I am dismissing this disciplinary report and returning your property. . . . And he stated to me that when he returns back to work in a week my property will be returned to me.

Record No. 1 at (3).  Weeks and weeks allegedly passed, during which Lt. Stevens was either too busy or was absent so that the property was not returned.  Eventually, the plaintiff asked other officers, including Defendant Lt. Gray,  to get the items for him, to no avail.  He claims that Gray flatly told him that he would not get the items back and that Gray also advised the warden not to return the items.

On December 28, 2004, the plaintiff alleges, he filed a grievance for return of the property. An informal response from the deputy warden was that he would return his tennis shoes, both necklaces, and the gold nugget ring or he could have another ring of his choice, if the plaintiff would agree to this informal response.  The plaintiff states that he would not agree because it was not all of his property and certain property was irreplaceable because it belonged to his father, who had died in 1996.  He then pursued the matter to the warden and then the defendant Corrections Commissioner, exhausting grievance number 04-004.

The Commissioner's response of January 11, 2005, was that "[s]ince Malone does have proof of ownership for tennis shoes, 1 gold ring and two necklaces, I recommend that the Jordan tennis

shoes, both necklaces, and the gold nugget ring be returned to Malone.  The other items should be confiscated and disposed of in accordance with CPP."  The plaintiff has come to this Court to obtain the rest of his belongings or their value.

Plaintiff Malone charges that all of the defendants deprived him of his possessions without due process of law.  Additionally, he claims that Defendant Crews, who is African American, did not permit him, a white man, to send unauthorized items safely out of the institution, but she did allow two African Americans to do so.

<u>DISCUSSION</u>

In *Copeland v. Machulis, et al.*, 57 F.3d 476 (6th Cir. 1995), the United States Court of Appeals for the Sixth Circuit summarized the law with regard to prisoners' lost property, as follows:

> In *Parratt* [*v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986)], the Supreme Court held that the negligent deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong.  The doctrine enunciated in *Parratt* has been extended to cover intentional deprivations of property.  *Hudson v. Palmer*, 468 U.S. 517, 533-36, 104 S. Ct. 3194, 3203-05, 82 L. Ed. 2d 393 (1984).  Similarly, this court held in *Vicory* [*v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984)] . . . that in a § 1983 case "claiming the deprivation of a property [or liberty] interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."

*Id.* at 479.  *See also Brickner v. Voinovich, et al.*, 977 F.2d 235, 237 (6th Cir. 1992) (quoting *Vicory v. Walton*, 721 F.2d 1062 at 1065-66 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984)).

Therefore, where a *pro se* prisoner is alleging, pursuant to 42 U.S.C. §1983, that he has suffered either a negligent or an intentional deprivation of property without procedural due process and the *pro se* prisoner has not pled or shown that the state's judicial remedies are inadequate or that it would be futile to make the argument in the state court that prison officials improperly deprived

4

him of his property without due process, the claim is not appropriately before the federal court. *Copeland,* 57 F.3d at 479 (6th Cir. 1995) (citing *See Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993)).

In the case *sub judice*, the plaintiff has failed to assert either that the state is without a corrective procedure or that he is attacking the state's corrective procedure. He has not alleged that he has sought relief in Kentucky's Board of Claims or brought a state court action for declaratory relief, a tort claim, or an action for conversion. Thus, this action is not properly before this Court. *See Brickner v. Voinovich,* 977 F.2d 235 (6th Cir. 1992); *see also Harris v. City of Akron, et al.*, 29 F.3d 1086 (6th Cir. 1994). Dismissal is required.

With regard to the plaintiff's equal protection claim, the Constitution requires that all persons similarly circumstanced shall be treated alike. *Canterino v. Wilson*, 546 F. Supp. 174, 206 (6th Cir. 1982) (quoting *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). However, a plaintiff does not state an equal protection claim when he or she does not demonstrate that he or she was similarly situated to other prisoners. *See New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 17, 101 L.Ed.2d 1, 108 S. Ct. 2225 (1988).

Additionally, the "plaintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993). The plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)).

The instant plaintiff has failed to assert that the persons claimed to have been afforded favorable treatment were similarly situated to him. *See e.g.*, *Reed v. Reed*, 404 U.S. 71, 76 (1971)

5

(equal protection requires that "all persons similarly circumstanced shall be treated alike") (quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). The plaintiff has not asserted those who were allegedly afforded favorable treatment were convicted of the same or similar crime as the plaintiff, hold the same or similar security classification as the plaintiff, have exhibited the same or similar behavior, or were otherwise so similarly circumstanced that they should have been afforded similar treatment. As the plaintiff has not made such a showing, no cognizable equal protection claim has been stated. An equal protection claim which is not supported by factual allegations is dismissable as being only conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971).

Finally, the plaintiff's third claim is that the defendants violated state regulations. However, a mere violation of state law will not establish a proper claim pursuant to 42 U.S.C. §1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley v. Williams*, 28 F.3d 1213 (6th Cir. 1994) (unpublished opinion)); *White v. Gerbitz*, 892 F.2d 457, 459 (6th Cir. 1989) (citing *See, e.g., Clark v. Link*, 855 F.2d 156 (4th Cir. 1988) (mere violation of state law does not necessarily give rise to §1983 claim.))

Because 42 U.S.C. §1983 is not an avenue for redress of state tort claims against the government or public officials, this Court has no jurisdiction to consider the state claims. *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994).

<u>CONCLUSION</u>

The Court concludes that the instant plaintiff has failed to state claims upon which this Court may grant relief, thus warranting summary dismissal of the complaint. 28 U.S.C. §1915A(b)(1).

6

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's complaint be **DISMISSED,** without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 31st day of August, 2005.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**